| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

JEREMY NED, §
§
    Petitioner, §
§
versus §   CIVIL ACTION NO. 1:17-CV-127
§
UNITED STATES OF AMERICA, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jeremy Ned, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections are without merit. This court is bound by the precedent of the Fifth Circuit Court of Appeals and the Supreme Court. In the Fifth Circuit, it is clear that a petitioner may not challenge in a § 2241 petition a sentence he received as a result of his conviction rather than the conviction itself. *Reyes-Requena v. United*

*States*, 243 F.3d. 893, 894 (5th Cir. 2001); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Recently, in *Logan v. Warden Fed. Correctional Complex Beaumont,* 644 F. App'x 280 (5th Cir. 2016), the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as asserted in this petition, that he was erroneously sentenced. The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id.* at 81; *see also Oxner v. Roy*, 616 F. App'x 190, 191 (5th Cir. 2015) (affirming denial of § 2241 petition claiming the sentencing court erroneously determined prior conviction was violent felony pursuant to the Armed Career Criminal Act). As petitioner challenges the validity of a sentence enhancement, his claim does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena,* 243 F.3d. at 894. Thus, this petition should be dismissed.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Plano, Texas, this 27th day of July, 2017.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE